UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ZENO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4326** |
| **ADM MILLING COMPANY, ET AL.** | **SECTION: "K"(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. 81) ("Mot.") by Defendant Gemini Insurance Company ("Gemini"). *Pro se* plaintiffs Christopher Zeno and Joyce Williams ("Plaintiffs") oppose the motion. For the reasons stated herein, the motion will be granted.

Plaintiffs alleged in the present suit that Christopher Zeno was injured while being employed as a borrowed worker for ADM Milling Company ("ADM"). Complaint ¶¶ 2-5 (Rec. Doc. 1) ("Compl."). Plaintiffs sued ADM for compensation due to his injuries. ADM's insurer, Gemini, sought and was granted permission to intervene because ADM made a demand that Gemini defend and indemnify ADM with regard to the Plaintiffs' suit. (Rec. Docs. 14 & 18). ADM filed a motion for summary judgment on January 2, 2008, which Plaintiffs opposed. (Rec. Docs. 28 & 43). The motion was granted by this Court's order and reasons docketed on June 4, 2008. (Rec. Doc. 59). Plaintiffs did not appeal the Court's order dismissing ADM. Subsequent to ADM's dismissal, Plaintiffs discharged their attorney and have not procured new counsel. Gemini failed to join in the motion for summary judgment, however, and it now seeks to be dismissed from the case. in light of the fact that its sole role in this matter was to defend and

indemnify ADM, which has now been dismissed. Gemini asserts that dismissal is appropriate because its liability is based entirely on ADM's liability as the insured, and otherwise it is entitled to judgment under the doctrine of *res judicata*. Plaintiffs submitted a letter to the Court stating their opposition to the motion, but did not otherwise provide substantive grounds for opposition.[1]

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). This Court will "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation and internal quotation marks omitted).

"Under Louisiana's Direct Action Statute, a liability insurer may be sued directly by an injured third party." Gulf Belting & Gasket Co., Inc. v. Select Ins. Co., Civ. A. No. 04-2397, 2004 WL 2988492, at *2 (E.D. La. Dec. 14, 2004) (Engelhardt, J.). "In other words, the plaintiff may bring the tort action against the insurer that it would have otherwise brought against the insured." *Pirsalehy v. Sun Life Assurance Co. of Canada*, Civ. A. No. 05-2127, 2005 WL 2036803, at *1 (E.D. La. July 27, 2005) (Barbier, J.). The statute provides in relevant part:

The injured person or his or her survivors or heirs . . . at their option, shall have a

---

[1] The Court conducted a show cause hearing and a status conference to encourage Plaintiffs to obtain new counsel and to instruct them to timely file any opposition to the present motion. (Rec. Docs. 76 & 82).

>right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . .

La. Rev. Stat. § 22:655(B)(1). The liability of the insurer under § 22:655 is based upon the liability of the insured. *See Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 422 (5th Cir. 1982) ("In this case as in any direct action against an insurer, the basic issues for trial concern the extent of the insured's liability."); *see also Viada v. A & A Machine Works, Inc.*, 914 So.2d 1113, 1117 (La. Ct. App. 4th Cir. 2005) ("Consequently, an insurer bound to repair the damage caused by a tortfeasor is solidarily liable with the tortfeasor because both are obligated to the same thing, repair the damage."). The elements of a direct action were explained in *Breitenbach v. Green*, 186 So.2d 712, 720 (La. Ct. App. 4th Cir. 1966):

>The basis on which the insurer is made a party defendant to the principal action under our direct action statute has two elements. The first is that the insured caused the injury by a tortious act; the second is that the insurer has issued a policy to the insured which covers his liability for such acts. To recover from the insurance company, the plaintiff must establish both elements, and clearly the company has the right to resist the action against itself by showing the absence of either element or both.

*Id*. Indeed, the Direct Action Statute provides that "any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state." La. Rev. Stat. § 22:655(C).

Here, Gemini is entitled to a dismissal based upon the summary judgment granted to its insured, ADM. ADM was dismissed from this action due to the Plaintiffs' failure to allege that ADM intentionally caused Mr. Zeno's injury. (Rec. Doc. 59 at 3). Without such an allegation,

Plaintiffs' only means of recovery is worker's compensation. *Id*. at 2 (citing La. Rev. Stat. § 23:1031). Thus, Louisiana law precluded ADM's liability for the allegedly tortious conduct. Because ADM, the insured, is not liable, Plaintiffs cannot maintain a direct action against Gemini. Plaintiffs' opposition, construed in the most liberal of terms, cannot refute this conclusion. Therefore, Gemini's motion to dismiss will be granted. Accordingly,

**IT IS ORDERED** that Gemini Insurance Company's Motion to Dismiss (Rec. Doc. 81) is **GRANTED.** A judgment will issue forthwith.

New Orleans, Louisiana, this 20th day of November, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**